UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE CERAJESKI, *Guardian for Walter Cerajeski*, <br>     *Plaintiff*, <br><br>     vs. <br><br> GREG ZOELLER, *Attorney General of the State of Indiana*, *et al.*, <br>     *Defendants*. | 1:11-cv-1705-JMS-DKL |

## ORDER ON RENEWED MOTION TO DISMISS

Presently pending before the Court is a Renewed Motion to Dismiss filed by Defendants Greg Zoeller, in his official capacity as the Attorney General of the State of Indiana, and Daniel Huge, in his official capacity as the interim Treasurer of the State of Indiana[1] (collectively, the "State"). [Filing No. 64.] The State asks this Court to dismiss the claims of Plaintiff Katherine Cerajeski, Guardian for Walter Cerajeski, because Ms. Cerajeski seeks prospective relief regarding a portion of the Indiana Unclaimed Property Act that has recently been amended. [Filing No. 65; Filing No. 80.] For the reasons that follow, the Court concludes that Ms. Cerajeski's claims are **MOOT** and **GRANTS** the State's Renewed Motion to Dismiss. [Filing No. 64.]

---

[1] The Complaint lists Defendant Richard Mourdock in his official capacity as the Treasurer of the State of Indiana. [Filing No. 1.] Mr. Mourdock recently resigned from that position, and Mr. Huge was named the interim Treasurer. *See* About the Treasurer, http://www.in.gov/tos/2347.htm (visited September 9, 2014). Thus, the Court has substituted Mr. Huge in his official capacity as a Defendant.

- 1 -

# I.
## BACKGROUND

### A. Ms. Cerajeski's Claim

On December 23, 2011, Ms. Cerajeski filed a Complaint against the State, asserting an action under 42 U.S.C. § 1983 and the United States Constitution.[2] [Filing No. 1.] In relevant part, Ms. Cerajeski alleged that a portion of the Indiana Unclaimed Property Act (the "UPA") violated the Takings Clause of the Fifth Amendment to the United States Constitution, as applied to Indiana through the Fourteenth Amendment. [Filing No. 1 at 1-2.] In relevant part, the UPA provides that unclaimed property, as defined by the statute, remits to the State once certain conditions are met and it is "presumed abandoned." *See* Ind. Code § 32-34-1-1, *et seq.*; Ind. Code § 32-34-1-20 ("Presumption of Abandonment"). At the time Ms. Cerajeski filed her Complaint, the UPA provided that although the owner could file a claim and receive the property back, the owner was not entitled to any dividends, interest, or other increments accrued after delivery to the Attorney General. Ind. Code § 32-34-1-30(b) (2013).

Ms. Cerajeski alleges that on or about September 21, 2006, Mainsource Bank of Hobart delivered certain funds from a bank account to the State. [Filing No. 1 at 7.] Ms. Cerajeski has not made a claim for the money that the State is holding, and she believed at the time she filed her Complaint that should she make such a claim, the State "would not pay just compensation for the use of [her] money during the period of custody." [Filing No. 1 at 7.]

---

[2] Carroll Schunn, as personal representative of the estate of R. Paul Schunn, joined Ms. Cerajeski as a party plaintiff. [Filing No. 1.] On November 18, 2012, this Court concluded that Ms. Schunn lacked standing to pursue the prospective relief the parties requested, and Ms. Schunn's claims were dismissed without prejudice. [Filing No. 35 at 6-7; Filing No. 35 at 12.] Ms. Schunn did not appeal that decision, and her claims are no longer before this Court.

In response to Ms. Cerajeski's Complaint, the State filed a Motion to Dismiss. [Filing No. 14.] This Court granted the State's Motion to Dismiss, concluding in relevant part that Ms. Cerajeski had not stated a takings claim that was plausible on its face.[3] [Filing No. 13 at 10.] In so holding, the Court emphasized that Ms. Cerajeski sought "purely prospective" relief and was "not seeking interest earned on their property" but, instead, sought "an order enjoining Defendants to pay just compensation with respect to future claims for their *use* of unclaimed property." [Filing No. 35 at 5 (quoting Filing No. 19 at 21; Filing No. 19 at 23 (original emphasis)); Filing No. 19 at 27.]

### B. Ms. Cerajeski's Appeal

Ms. Cerajeski appealed the Court's dismissal of her claim to the Seventh Circuit Court of Appeals. [Filing No. 37.] On November 22, 2013, the Seventh Circuit issued a Mandate reversing this Court's decision and remanding Ms. Cerajeski's claim to this Court. [Filing No. 48.] The Seventh Circuit held that "[t]he confiscation of the interest on Cerajeski's principal was [] a taking of a part of [the] property." *Cerajeski v. Zoeller*, 735 F.3d 577, 579 (7th Cir. 2013). The Seventh Circuit emphasized that "Cerajeski did not voluntarily relinquish either the principal or the interest in [the] bank account . . . [so t]he account was unclaimed rather than abandoned." *Id.* at 581. Because the State was "merely a custodian" of the unclaimed property, "[t]here is no basis for the state's confiscating the interest in Cerajeski's account." *Id.* at 582. The Seventh Circuit discussed

---

[3] In granting the State's Motion to Dismiss Ms. Cerajeski's Takings Clause claim, the Court relied on United States Supreme Court precedent holding in the context of lapsed mineral property rights that the State is "never required" to "compensate the owner for the consequence of his own neglect." [Filing No. 35 at 9 (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 530 (1982)).] Specifically, when "[i]t is the owner's failure to make any use of the property—and not the action of the State— that causes the lapse of the property right; there is no 'taking' that requires compensation." [Filing No. 35 at 9 (citing *Texaco*, 454 U.S. at 530).] For that reason, the Court concluded that the State's retention of the interest at issue did not result in a taking of Ms. Cerajeski's property requiring compensation. [Filing No. 35 at 10.]

the State's escheat power but concluded that because the UPA does not provide for escheat until 25 years after the property remains unclaimed, "if before then the state takes either principal or interest it must render just compensation to the owner if as in this case the owner's identity is known." *Id.* at 583. While the State could charge a fee for custodianship and for searching for the owner, "the interest on the principal in a bank account is not a fee for those services." *Id.*

For these reasons, the Seventh Circuit reversed and remanded the case to this Court for further proceedings consistent with its opinion. *Id.* In doing so, the Seventh Circuit specifically noted:

> The plaintiff is entitled to just compensation from the state when she files her claim to Cerajeski's account, but the amount of that just compensation has yet to be determined. The plaintiff has also sought an injunction—why we don't know; and injunctive relief may well be unavailable in this case. "Equitable relief is not available to enjoin an alleged taking of private property for a public use." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). The availability and propriety of injunctive relief are other issues to be resolved by the district judge in the first instance.

*Cerajeski*, 735 F.3d at 583.

### C. History on Remand

On remand, Ms. Cerajeski initially sought leave to amend her complaint to reinstate Ms. Schunn's claims, add a class action allegation for declaratory and injunctive relief, and add a new party plaintiff. [Filing No. 60.] In response to that motion, the State pointed out that "[i]n the wake of the Seventh Circuit's opinion," Indiana amended the UPA. [Filing No. 65 at 11.] Specifically, effective July 1, 2014, the definition of "interest bearing property" was modified and an owner making a claim under the UPA "is now entitled to 'interest that accrues on the property from the date of payment or delivery.'" [Filing No. 65 at 11 (quoting Ind. Code § 32-34-1-9.1 (2014) and Ind. Code § 32-34-1-30(a) (2014)).] The amended UPA sets forth how the measure of interest is calculated and provides the owner an opportunity to establish that a higher rate of interest

- 4 -

is warranted. [Filing No. 65 at 1 (citing Ind. Code § 32-34-1-30.1(e) (2014)).] In light of the amendments to the UPA, Ms. Cerajeski withdrew her motion to amend her complaint. [Filing No. 77 at 2 ("Plaintiff has concluded that it is not necessary or appropriate to raise [issues raised by the proposed amended complaint] in this proceeding"); Filing No. 81 (denying motion to amend as withdrawn).] Thus, Ms. Cerajeski's initial Complaint remains the operative pleading. [Filing No. 1.]

Presently pending before the Court is the State's Renewed Motion to Dismiss Ms. Cerajeski's Complaint. [Filing No. 64.] Ms. Cerajeski opposes that motion, [Filing No. 77], and it is now ripe for ruling, [Filing No. 80].

## II.
### DISCUSSION

### A. Effect of Amendments to the UPA on Ms. Cerajeski's Claims

The State argues that Ms. Cerajeski's Complaint should be dismissed for multiple reasons, one of which the Court finds to be dispositive.[4] Specifically, the State contends that because Indiana has amended the portions of the UPA at issue in this action, Ms. Cerajeski's claim is moot. [Filing No. 65 at 11.] The State points out that Ms. Cerajeski can submit a claim under the amended version of the UPA and receive the principal and the measure of interest at issue. [Filing No. 65 at 11.]

In response, Ms. Cerajeski claims that "what remains before this Court is plaintiff Cerajeski's claim for a judgment, pursuant to 42 U.S.C. § 1983, that under the Fifth Amendment to the

---

[4] Because Ms. Cerajeski's Motion to Amend her Complaint was pending when the State filed its Renewed Motion to Dismiss, the State focuses its arguments on the proposed amended complaint. [Filing No. 65.] At the end of its Renewed Motion to Dismiss, however, the State also notes that its arguments apply to Ms. Cerajeski's initial Complaint. [Filing No. 1.]

- 5 -

United States Constitution, she is entitled to just compensation for the State's taking of her property." [Filing No. 77 at 3.] Ms. Cerajeski argues that dismissing her case would be tantamount to disregarding the mandate of the Seventh Circuit Court of Appeals, contending that "[a] state cannot make a ruling of a Circuit Court of Appeals that one of its statutes is unconstitutional disappear simply by enacting an amendment that might cure all or some part of the defect." [Filing No. 77 at 4.] Ms. Cerajeski "asks only that this Court follow the mandate of the Court of Appeals and enter a judgment, pursuant to 42 U.S.C. § 1983, consistent with the opinion of that Court that the state's confiscation of interest violated the Fifth Amendment to the United States Constitution." [Filing No. 77 at 4.]

In reply, the State again asserts that Ms. Cerajeski's constitutional challenge to the UPA was rendered moot by the State's amendment to the statutory provisions she challenged. [Filing No. 80 at 4.] The State cites case law that it contends supports its position, noting that the only exception is when the statutory amendment was not genuine, which Ms. Cerajeski has not suggested applies. [Filing No. 80 at 5.]

"The United States Constitution limits this Court's jurisdiction to live cases and controversies." *Stotts v. Cmty. Unit Sch. Dist. No. 1*, 230 F.3d 989, 990-91 (7th Cir. 2000) (citations omitted). "A case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* "The requirement that a case have an actual, ongoing controversy extends throughout the pendency of the action." *Id.*

The Seventh Circuit has "previously held that any dispute over the constitutionality of a statute becomes moot if a new statute is enacted in its place during the pendency of the litigation, and the plaintiff seeks only prospective relief." *Zessar v. Keith*, 536 F.3d 788, 793 (7th Cir. 2008) (citing *MacDonald v. City of Chicago*, 243 F.3d 1021, 1025 (7th Cir. 2001) ("Any dispute over

the [previous] version of the ordinance was mooted by the enactment of the new ordinance.")). A case or controversy remains only if the revised statute continues to impact the plaintiff. *See MacDonald*, 243 F.3d at 1025 ("But even as revised, the ordinance as interpreted by the district court continues to impact the plaintiffs. Thus, since a case or controversy remains, we will consider the constitutionality . . . ."). If the "intervening amendment provides no assurance that the complained-of conduct will cease, the case is not moot[,]" but legislative action typically provides such assurance because "when the defendants are public officials we place greater stock in their acts of self-correction, so long as they appear genuine." *Zessar*, 536 F.3d at 794 (citation omitted). When statutory amendments moot pending litigation, a district court should dismiss the action as moot. *Id.* at 797; *see also Nat'l Rifle Ass'n of Am., Inc. v. City of Chicago, Ill.*, 393 F. App'x 390 (7th Cir. 2010) (vacating district court's judgments and remanding with instructions to dismiss case as moot after ordinances at issue were repealed).

Ms. Cerajeski has repeatedly emphasized that she seeks "purely prospective" relief and is "not seeking interest earned on [the] property" but, instead, is seeking "an order enjoining Defendants to pay just compensation with respect to future claims for their use of unclaimed property."[5]

---

[5] Ms. Cerajeski may have framed the relief she is seeking to avoid the State's arguments regarding the applicability of the Indiana Court of Appeals' decision in *Smythe v. Carter*, 845 N.E.2d 219 (Ind. Ct. App. 2006), which affirmed a trial court's dismissal of state and federal constitutional challenges to the interest-retention provision of the UPA. The State initially asserted *res judicata* and *Rooker-Feldman* arguments in response to Ms. Cerajeski's claim, [Filing No. 25 at 8-10], but it withdrew those arguments after Ms. Cerajeski clarified her claims and the type of relief she was seeking, [Filing No. 19 at 28-31; Filing No. 35 at 4]. Moreover, if Ms. Cerajeski had sought monetary relief from the defendants she sued in their official capacities, Eleventh Amendment immunity would preclude that relief. *MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993) ("The eleventh amendment bar extends to suits for money damages against state officials sued in their official capacities, because a judgment against a public official in his official capacity imposes liability on the entity that he represents.") (citation omitted).

[Filing No. 35 at 5 (quoting Filing No. 19 at 21; Filing No. 19 at 23; Filing No. 19 at 27).] On appeal, the Seventh Circuit agreed that Ms. Cerajeski was entitled to some measure of interest because "[t]he confiscation of the interest on Cerajeski's principal was [] a taking of a part of [the] property." *Cerajeski*, 735 F.3d at 579. In response to that decision, Indiana amended the offending provisions of the UPA. [*See* Filing No. 65 at 11 ("In the wake of the Seventh Circuit's opinion, Indiana has amended its Unclaimed Property Act . . . .")]; *see also* Indiana Legislative Agenda, http://www.in.gov/attorneygeneral/2472.htm (noting that "Senate Enrolled Act 208 makes important changes to Indiana's unclaimed property law . . . [t]o make the statute compliant with recent court decisions"). Ms. Cerajeski has not suggested that the State's amendment was not genuine or that it does not provide her with an adequate remedy.

The State's amendment to the UPA directly addresses Ms. Cerajeski's constitutional challenge to the repealed portions of that statute. Because she is only seeking prospective relief concerning statutory provisions that are no longer in effect, the Court must dismiss her claim as moot. *Zessar*, 536 F.3d at 793. To the extent that Ms. Cerajeski alludes that there may be deficiencies in the amended law, [*see* Filing No. 77 at 2 (noting that the term "interest bearing property . . . does not include dividend paying or interest bearing securities, such as stocks and bonds")], those contentions may be pursued in new suits, *see Nat'l Rifle Ass'n of Am., Inc.*, 393 F. App'x at 390 ("Plaintiffs contend that the new ordinances enacted to supersede the ones challenged in these suits have constitutional flaws. Plaintiffs are entitled to pursue those contentions in new suits. The subject matter of this litigation, however, no longer exists.").

The Court disagrees with Ms. Cerajeski that dismissing her claim as moot is tantamount to ignoring the Seventh Circuit Court of Appeals' mandate. [Filing No. 77 at 3-4.] As an initial matter, despite Ms. Cerajeski's argument to the contrary, the Seventh Circuit did not remand Ms.

Cerajeski's case with an order for this Court to immediately enter judgment in her favor. *See Cerajeski*, 735 F.3d at 583 (holding that Ms. Cerajeski "is entitled to just compensation from the state *when she files her claim to Cerajeski's account*, but the amount of that just compensation has yet to be determined" and that while injunctive relief "may well be unavailable in this case," issues such as those are "to be resolved by the district judge in the first instance") (emphasis added). Ms. Cerajeski makes no allegation that she has filed such a claim. Additionally, the Seventh Circuit's decision prompted a material change in the law that moots the constitutional challenge that Ms. Cerajeski makes in this action. Thus, based on binding precedent, this Court must dismiss Ms. Cerajeski's claim as moot. *See, e.g.*, *Zessar*, 536 F.3d at 798; *MacDonald*, 243 F.3d at 1025.

### B. Availability of Attorneys' Fees

Ms. Cerajeski asks the Court to set a briefing schedule for her to file a motion for an award of attorneys' fees. [Filing No. 77 at 5.] She contends that she is the prevailing party in this litigation pursuant to 42 U.S.C. § 1983 and, thus, is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988. [Filing No. 77 at 5.]

The Court acknowledges that Ms. Cerajeski asserts a § 1983 claim in her Complaint, [Filing No. 1 at 7-10], but she also asserts a constitutional claim pursuant to the Taking Clause of the Fifth Amendment to the United States Constitution, [Filing No. 1 at 10-11]. In its decision, the Seventh Circuit Court of Appeals never cited § 1983 or held that it was ruling in Ms. Cerajeski's favor based on her claim brought pursuant to that statute. *See Cerajeski*, 735 F.3d 577. Instead, the Seventh Circuit concluded that Ms. Cerajeski was entitled to relief on her Takings Clause claim. *Id.* at 579 ("[t]he confiscation of the interest on Cerajeski's principal was [] a taking of a part of [the] property"). In fact, Ms. Cerajeski did not respond to the State's argument that she

cannot recover from the Defendants in their official capacities pursuant to 42 U.S.C. § 1983 because they are not "persons" under that statute. [Filing No. 65 at 5 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)).] Failure to respond typically constitutes waiver of any contrary argument. *Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) (concluding that failure to respond to an opponent's arguments leads to waiver of the contrary argument).

If after considering these points, and consistent with Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, Ms. Cerajeski still believes that she is entitled to attorneys' fees, she is **ORDERED** to file such a motion within **30 days** of the date of this order setting forth the legal basis for her fee request, addressing the points the Court raises, and providing sufficient documentation to support such a request. If she files such a motion, the State has **21 days** to file a response, and Ms. Cerajeski has **14 days** to file a reply. If Ms. Cerajeski does not file a motion for attorneys' fees within 30 days of this order, the Court will enter final judgment dismissing this case as moot at that time.[6]

### III.
#### CONCLUSION

The Court directs the Clerk to **SUBSTITUTE** Daniel Huge in his official capacity as interim Treasurer of the State of Indiana for Defendant Richard Mourdock in his official capacity as Treasurer of the State of Indiana. For the reasons set forth herein, Ms. Cerajeski's claims are **DISMISSED AS MOOT**, in light of the State's amendment to the challenged portions of the UPA.

---

[6] The Court declines to enter final judgment at this time, given Ms. Cerajeski's request for a briefing schedule and the possibility that she may seek attorneys' fees, because the federal system disfavors piecemeal appeals. *Cont'l Cas. Co. v. Anderson Excavating & Wrecking Co.*, 189 F.3d 512, 518 (7th Cir. 1999).

Ms. Cerajeski requests that the Court set a briefing schedule for her to request attorneys' fees. If after considering the points made by the Court in this order, and consistent with [Federal Rule of Civil Procedure 11](#) and [28 U.S.C. § 1927](#), Ms. Cerajeski still believes that she is entitled to attorneys' fees, she is **ORDERED** to file such a motion within **30 days** of the date of this order setting forth the legal basis for her fee request, addressing the points the Court raises, and providing sufficient documentation to support such a request. If she files such a motion, the State has **21 days** to file a response, and Ms. Cerajeski has **14 days** to file a reply. If Ms. Cerajeski does not file a motion for attorneys' fees within 30 days of this order, the Court will enter final judgment dismissing this case as moot at that time.

September 10, 2014

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

John R. Wylie
johnw@dglawfirm.com

M. Scott Barrett
BARRETT WYLIE, LLC
Scott@barrettwylie.com

Frederick William Schultz
GREENE & SCHULTZ
fred@greeneschultz.com

Adam Clay
INDIANA ATTORNEY GENERAL
Adam.Clay@atg.in.gov

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Arthur T. Susman
LAW OFFICES OF ARTHUR SUSMAN
asusman@shhllp.com

Caryn M. Nieman
OFFICE OF THE ATTORNEY GENERAL
caryn.nieman@atg.in.gov

Glenn L. Hara
SUSMAN HEFFNER & HURST LLP
ghara@shhllp.com

Terry Rose Saunders
THE SAUNDERS LAW FIRM
tsaunders@saunders-lawfirm.com