UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KATHERINE CERAJESKI, *Guardian for Walter Cerajeski*, <br>     *Plaintiff*, <br><br>     vs. <br><br> GREG ZOELLER, *Attorney General of the State of Indiana*, *et al.*, <br>     *Defendants*. | 1:11-cv-1705-JMS-DKL |

## ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Katherine Cerajeski, as Guardian for Walter Cerajeski, has filed a Motion for Award of Attorneys' Fees. [Filing No. 84.] Ms. Cerajeski requests that this Court award her $258,462.50 for time that her appellate counsel spent working on her case, which culminated in her obtaining a favorable decision in *Cerajeski v. Zoeller*, 735 F.3d 577 (7th Cir. 2013).[1] [Filing No. 84; Filing No. 85.] Defendants Greg Zoeller, in his official capacity as the Attorney General of the State of Indiana, and Kelly Mitchell, in her official capacity as the Treasurer of the State of Indiana[2] (collectively, the "State") oppose Ms. Cerajeski's request for attorneys' fees. [Filing No. 88.] For the following reasons, the Court concludes that Ms. Cerajeski is not entitled to attorneys' fees and, thus, denies her motion. [Filing No. 84.]

---

[1] Ms. Cerajeski does not seek an award of attorneys' fees "for the time expended by any attorney in the district court proceedings either before or after the appeal." [Filing No. 85 at 1.]

[2] The docket currently lists Daniel Huge as a defendant in his official capacity as interim Treasurer of the State of Indiana. [*See also* Filing No. 82 at 1.] On January 1, 2015, Kelly Mitchell was sworn in as Indiana's Treasurer after being elected to that position. *See* About the Treasurer, http://www.in.gov/tos/2347.htm (last visited January 26, 2015). Thus, the Court has substituted Ms. Mitchell in her official capacity as a defendant in this action.

# I.
## BACKGROUND

### A. Ms. Cerajeski's Claim

On December 23, 2011, Ms. Cerajeski filed a Complaint against the State, asserting "an action under 42 U.S.C. § 1983 and the United States Constitution."[3] [Filing No. 1 at 1.] In relevant part, Ms. Cerajeski alleged that a portion of the Indiana Unclaimed Property Act (the "UPA") violated the Takings Clause of the Fifth Amendment to the United States Constitution, as applied to Indiana through the Fourteenth Amendment. [Filing No. 1 at 1-2.] At that time, the UPA provided that unclaimed property, as defined by the statute, remitted to the State once certain conditions are met and was "presumed abandoned." *See* Ind. Code § 32-34-1-1, *et seq.*; Ind. Code § 32-34-1-20 (titled "Presumption of Abandonment"). The UPA further provided at that time that although the owner could file a claim and receive the property back, the owner was not entitled to any dividends, interest, or other increments accrued after delivery to the Attorney General. Ind. Code § 32-34-1-30(b) (2013).

Ms. Cerajeski alleged that on or about September 21, 2006, Mainsource Bank of Hobart delivered certain funds from a bank account to the State. [Filing No. 1 at 7.] Ms. Cerajeski had not made a claim for the money, and she believed at the time she filed her Complaint that if she did make such a claim, the State "will return only the principal amount held, but will not pay just compensation for the use of that money during the period of custody." [Filing No. 1 at 7.] There

---

[3] Carroll Schunn, as personal representative of the estate of R. Paul Schunn, joined Ms. Cerajeski as a party plaintiff. [Filing No. 1.] On November 18, 2012, this Court concluded that Ms. Schunn lacked standing to pursue the prospective relief the parties exclusively requested, and Ms. Schunn's claims were dismissed without prejudice. [Filing No. 35 at 6-7; Filing No. 35 at 12.] Ms. Schunn did not appeal that decision, and her claims are no longer before this Court.

is no evidence in the record, and it appears undisputed, that to this day Ms. Cerajeski has never made a claim for the money the State is holding.

Ms. Cerajeski's Complaint sets forth three claims: 1) "Count I—Violation of 42 U.S.C. § 1983 and the Constitution of the United States (Substantive Due Process)"; 2) "Count II—Violation of 42 U.S.C. § 1983 and the Constitution of the United States (Procedural Due Process)"; and 3) "Count III—Claim for Prospective Relief (Fifth Amendment Takings Clause)." [Filing No. 1 at 7-11.] Ms. Cerajeski specifically noted that

> [i]n Count III, Plaintiffs seek prospective relief in the form of a declaration that the State of Indiana must pay just compensation to unclaimed property owners in the future for the use of their private property, and/or an injunction to prohibit the State of Indiana, including the Defendants, from enforcing the unconstitutional provisions of the UPA in the future.

[Filing No. 1 at 11.]

In response to Ms. Cerajeski's Complaint, the State filed a Motion to Dismiss. [Filing No. 14.] This Court granted the State's Motion to Dismiss, concluding in relevant part that Ms. Cerajeski had not stated a takings claim that was plausible on its face.[4] [Filing No. 13 at 10.] In so holding, the Court emphasized Ms. Cerajeski's repeated assertions that she sought "purely prospective" relief and was "not seeking interest earned on their property" but, instead, sought "an order enjoining Defendants to pay just compensation with respect to future claims for their *use* of

---

[4] In granting the State's Motion to Dismiss Ms. Cerajeski's Takings Clause claim, the Court relied on United States Supreme Court precedent holding in the context of lapsed mineral property rights that the State is "never required" to "compensate the owner for the consequence of his own neglect." [Filing No. 35 at 9 (citing *Texaco, Inc. v. Short*, 454 U.S. 516, 530 (1982)).] Specifically, when "[i]t is the owner's failure to make any use of the property—and not the action of the State— that causes the lapse of the property right; there is no 'taking' that requires compensation." [Filing No. 35 at 9 (citing *Texaco*, 454 U.S. at 530).] For that reason, the Court concluded that the State's retention of the interest at issue did not result in a taking of Ms. Cerajeski's property requiring compensation. [Filing No. 35 at 10.]

unclaimed property." [Filing No. 35 at 5 (quoting Filing No. 19 at 21; Filing No. 19 at 23 (original emphasis)); Filing No. 19 at 27.]

### B. Ms. Cerajeski's Appeal

On December 7, 2012, Ms. Cerajeski appealed the Court's dismissal of her action to the Seventh Circuit Court of Appeals. [Filing No. 37.] On November 22, 2013, the Seventh Circuit issued a Mandate reversing this Court's decision and remanding Ms. Cerajeski's action to this Court. [Filing No. 48.] The Seventh Circuit held that "[t]he confiscation of the interest on Cerajeski's principal was [] a taking of a part of [the] property." *Cerajeski v. Zoeller*, 735 F.3d 577, 579 (7th Cir. 2013). The Seventh Circuit emphasized that "Cerajeski did not voluntarily relinquish either the principal or the interest in [the] bank account . . . [so t]he account was unclaimed rather than abandoned." *Id.* at 581. Because the State was "merely a custodian" of the unclaimed property, "[t]here is no basis for the state's confiscating the interest in Cerajeski's account." *Id.* at 582. Ultimately, the Seventh Circuit reversed and remanded the case to this Court for further proceedings consistent with its opinion. *Id.* at 583. The Seventh Circuit concluded as follows:

> The plaintiff is entitled to just compensation from the state when she files her claim to Cerajeski's account, but the amount of that just compensation has yet to be determined. The plaintiff has also sought an injunction—why we don't know; and injunctive relief may well be unavailable in this case. "Equitable relief is not available to enjoin an alleged taking of private property for a public use." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). The availability and propriety of injunctive relief are other issues to be resolved by the district judge in the first instance.

*Cerajeski*, 735 F.3d at 583.

### C. History on Remand

On remand, the Court offered the parties an opportunity to suggest what additional proceedings would be appropriate. Ms. Cerajeski initially sought leave to amend her complaint to reinstate Ms. Schunn's claims, add a class action allegation for declaratory and injunctive relief,

add a new party plaintiff, and "conform the declaratory relief sought for plaintiff and the declaratory and injunctive relief sought for the class" to the Seventh Circuit's decision in *Cerajeski*. [Filing No. 60.] In response to that motion, the State pointed out that "[i]n the wake of the Seventh Circuit's opinion," Indiana had amended its UPA. [Filing No. 65 at 11.] Specifically, effective July 1, 2014, the definition of "interest bearing property" was modified and an owner making a claim under the UPA "is now entitled to 'interest that accrues on the property from the date of payment or delivery.'" [Filing No. 65 at 11 (quoting Ind. Code § 32-34-1-9.1 (2014) and Ind. Code § 32-34-1-30(a) (2014)).] The amended UPA sets forth how the measure of interest is calculated and provides the owner an opportunity to establish that a higher rate of interest is warranted. [Filing No. 65 at 1 (citing Ind. Code § 32-34-1-30.1(e) (2014)).] In light of the amendments to the UPA, Ms. Cerajeski withdrew her motion to amend her complaint. [Filing No. 77 at 2 ("Plaintiff has concluded that it is not necessary or appropriate to raise [issues raised by the proposed amended complaint] in this proceeding"); Filing No. 81 (denying motion to amend as withdrawn).]

Because Ms. Cerajeski withdrew her request to amend her complaint, [Filing No. 81], her initial Complaint remains the operative pleading, [Filing No. 1]. The State filed a Renewed Motion to Dismiss Ms. Cerajeski's Complaint, contending, in relevant part, that Ms. Cerajeski's claim was moot in light of the amendments to the UPA. [Filing No. 64; Filing No. 65 at 11-12.] Ms. Cerajeski opposed that motion. [Filing No. 77.] On September 10, 2014, the Court ordered that, based on binding precedent, it must dismiss Ms. Cerajeski's claim as moot. [Filing No. 82 at 9.] The Court declined to enter final judgment at that time because Ms. Cerajeski had requested a briefing schedule on her anticipated attorneys' fee request. [Filing No. 82 at 11.] The Court set a briefing

schedule, [Filing No. 82 at 11], and the parties have now briefed Ms. Cerajeski's attorneys' fee request, [Filing No. 84; Filing No. 85; Filing No. 88; Filing No. 89].

## II.
### DISCUSSION

Ms. Cerajeski argues that she is entitled to attorneys' fees because she was the prevailing party on her claim "for a declaration that a state statute violated [her] constitutional rights," which she contends is "a claim that was necessarily brought pursuant to 42 U.S.C. § 1983." [Filing No. 85 at 7.] Thus, Ms. Cerajeski contends that she is entitled to attorneys' fees pursuant to 42 U.S.C. § 1988 because "[h]aving obtained a final judgment from the [Seventh Circuit] Court of Appeals that the challenged provision of the [UPA] was an unconstitutional taking of private property for which Plaintiff was entitled to just compensation, Plaintiff was clearly the prevailing party." [Filing No. 85 at 9.] She requests that the Court award her $258,462.50 in appellate attorneys' fees, and she submits declarations and an expert report that she contends support the reasonableness of that request. [Filing No. 85 at 10-13; Filing No. 85-1; Filing No. 85-2; Filing No. 85-3.]

In response, the State contends that Ms. Cerajeski is not a prevailing party for purposes of an attorneys' fees award pursuant to 42 U.S.C. § 1988. [Filing No. 88 at 6-10.] The State asserts that although Ms. Cerajeski was victorious on Count III of her Complaint, that claim was not brought pursuant to 42 U.S.C. § 1983. [Filing No. 88 at 6.] Even if Ms. Cerajeski were victorious on a § 1983 claim, however, the State contends that Ms. Cerajeski is still not entitled to attorneys' fees pursuant to § 1988 because the appellate decision in this case was not a judicial act exhibiting sufficient finality for purposes of rendering her the prevailing party under that statute. [Filing No. 88 at 8-10.] The State also challenges the reasonableness of Ms. Cerajeski's §258,462.50 attorneys' fees request. [Filing No. 88 at 10-14.]

In reply, Ms. Cerajeski again contends that her Taking Clause claim was brought pursuant to 42 U.S.C. § 1983. [[Filing No. 89 at 2-3](#).] She argues that because her appellate counsel prevailed on that claim, she is entitled to attorneys' fees pursuant to § 1988. [[Filing No. 89 at 4-5](#).] Ms. Cerajeski again defends the reasonableness of the amount of her attorneys' fees request. [[Filing No. 89 at 5-12](#).]

**A. Nature of Ms. Cerajeski's Successful Claim**

Although the parties dispute whether the claim on which Ms. Cerajeski prevailed on appeal was brought pursuant to 42 U.S.C. § 1983, they spend the majority of their briefs focused on whether Ms. Cerajeski is a "prevailing party" for purposes of receiving attorneys' fees pursuant to 42 U.S.C. § 1988 and, if so, whether the requested amount of fees is reasonable. The Court will briefly address the nature of Ms. Cerajeski's successful claim, however, as it agrees with the State that Ms. Cerajeski succeeded on an independent constitutional Fifth Amendment Takings Clause claim.

Ms. Cerajeski's Complaint set forth three claims: 1) "Count I—Violation of 42 U.S.C. § 1983 and the Constitution of the United States (Substantive Due Process)"; 2) "Count II—Violation of 42 U.S.C. § 1983 and the Constitution of the United States (Procedural Due Process)"; and 3) "Count III—Claim for Prospective Relief (Fifth Amendment Takings Clause)." [[Filing No. 1 at 7-11](#).] It is clear that for whatever reason, Ms. Cerajeski chose to pursue Count III as an independent constitutional claim, not pursuant to § 1983. [[Filing No. 1 at 7-11](#).] Ms. Cerajeski confirmed this in response to the State's Motion to Dismiss, when she expressly noted that she was pursuing Counts I and II pursuant to § 1983 but that Count III was "based upon the unconstitutional nature of the UPA." [[Filing No. 19 at 10](#).] The Court "rel[ies]on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.... Our

adversary system is designed around the premise that the parties know what is best for them, and are responsible for advancing the facts and arguments entitling them to relief." *Greenlaw v. United States*, 554 U.S. 237, 243-44 (2008).

Ms. Cerajeski does not contend that she could receive attorneys' fees solely because she proved a federal constitutional violation. Instead, she seems to recognize that she is only entitled to reasonable attorneys' fees if Congress has statutorily authorized a fee award, such as pursuant to § 1988 for being the prevailing party on a § 1983 claim. *Hastert v. Illinois State Bd. of Election Comm'rs*, 28 F.3d 1430, 1437 (7th Cir. 1993) ("Before the Supreme Court decided *Alyeska Pipeline Serv. Co. v. Wilderness Soc.*, 421 U.S. 240 (1975), many federal courts believed that they had the power in certain cases, contrary to the so-called 'American' rule that parties are to bear their own costs of legal representation, to award attorneys' fees to prevailing parties as a component of Rule 54(d) costs. In *Alyeska*, however, the [United States Supreme Court] disapproved this practice and held that federal courts may order the losing party to pay the winner's attorneys' fees only if Congress has authorized such fee awards by statute."). Ms. Cerajeski points to no authority for the proposition that she could recover fees for successfully pursuing a standalone Takings Clause claim and, instead, insists that her claim was brought pursuant to § 1983. The Court disagrees, and on that basis alone could deny her attorneys' fee request.

### B. Prevailing Party

As noted, the bulk of the parties' arguments focus on whether Ms. Cerajeski is a prevailing party under 42 U.S.C. § 1988. For the reasons stated below, the Court finds that she is not.

In relevant part, 42 U.S.C. § 1988 allows the Court, in its discretion, to award the "prevailing party . . . a reasonable attorney's fee as part of the costs" in any action or proceeding to enforce, among other statutes, 42 U.S.C. § 1983. "It is well-established that 'prevailing party' as used in

federal fee-shifting statutes like § 1988 includes only those parties that have achieved a 'judicially sanctioned change in the legal relationship of the parties.'" Zessar v. Keith, 536 F.3d 788, 795 (7th Cir. 2008) (quoting Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res., 532 U.S. 598, 605 (2001)). "A party is considered prevailing for § 1988 purposes when the court enters final judgment in its favor on some portion of the merits of its claims." Zessar, 536 F.3d at 795. A plaintiff is not the prevailing party just because "it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct." Id. at 796 (citing Buckhannon, 532 U.S. at 601). "Rather, there must be a 'judicial imprimatur on the change'; in other words, the judicial act must bring about 'a corresponding alteration in the legal relationship of the parties.'" Zessar, 536 F.3d at 796 (citing Buckhannon, 532 U.S. at 605). "'A defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.'" Zessar, 536 F.3d at 798 (citing Buckhannon, 532 U.S. at 605).

It is possible for a plaintiff to be awarded attorneys' fees pursuant to § 1988 even if a subsequent change to a challenged statute moots the challenge that stood prior to the amendment. *See* Zessar, 536 F.3d at 796 (considering the merits of plaintiff's attorneys' fee request pursuant to § 1988 after concluding that his challenge to the pre-amendment statute was moot). But when a statute is found to be unconstitutional and the challenged provision is amended or repealed before the district court enters final judgment, "[t]his situation gives a plaintiff a hurdle to overcome if he is to show that he is a prevailing party because the Supreme Court has repeatedly held that, other than a settlement made enforceable under a consent decree, a final judgment on the merits is the normative judicial act that creates a prevailing party." Id. at 796 (citing, among others, Hewitt v. Helms, 482 U.S. 755, 758-62 (1987) (concluding on successive appeal that the plaintiff was not a

prevailing party despite a court of appeals holding that his due process rights were violated because the appellate court left it to the district court to fashion relief and the district court later determined that the defendants were entitled to qualified immunity)). That said, cases may arise where "the legal relationship of the parties will be changed due to a defendant's change in conduct brought about by a judicial act exhibiting sufficient finality." *Zessar*, 536 F.3d at 798. When a judicial ruling is "succinct and easily enforceable" and the parties' actions make the finality of that decision apparent, the prevailing party is entitled to reasonable attorneys' fees pursuant to § 1988. *Id.* at 797 (distinguishing *Palmetto Properties, Inc. v. Cnty. of DuPage*, 375 F.3d 542, 551 (7th Cir. 2004), which affirmed a § 1988 attorneys' fee award to a plaintiff who successfully challenged the constitutionality of a statute because although the statute was amended before final judgment was entered, the district court's decision was "succinct and easily enforceable" in that "the defendants were enjoined from enforcing it" and "all parties were in agreement regarding the finality of the court's decision").

It is beyond dispute that Ms. Cerajeski received a favorable decision from the Seventh Circuit Court of Appeals. Specifically, the Seventh Circuit held that "[t]he confiscation of the interest on Cerajeski's principal was [] a taking of a part of [the] property." *Cerajeski*, 735 F.3d at 579. What is disputed, however, is whether the Seventh Circuit's decision exhibited sufficient finality to render Ms. Cerajeski the prevailing party pursuant to § 1988 and, thus, entitled to reasonable attorneys' fees. Again, the Seventh Circuit concluded as follows:

> The plaintiff is entitled to just compensation from the state when she files her claim to Cerajeski's account, but the amount of that just compensation has yet to be determined. The plaintiff has also sought an injunction—why we don't know; and injunctive relief may well be unavailable in this case. "Equitable relief is not available to enjoin an alleged taking of private property for a public use." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984). The availability and propriety of injunctive relief are other issues to be resolved by the district judge in the first instance.

*Cerajeski*, 735 F.3d at 583.

This Court concludes that the Seventh Circuit's decision in Ms. Cerajeski's appeal was not sufficiently final to render her the prevailing party for purposes of 42 U.S. C. § 1988. The Seventh Circuit expressly noted that the "amount of that just compensation has yet to be determined" and that Ms. Cerajeski's request for injunctive relief "may well be unavailable in this case." *Id.* It further concluded that Ms. Cerajeski would be entitled to just compensation "*when* she filed her claim," *id.* (emphasis added). There is no evidence that this contingency has ever occurred. The Seventh Circuit did not direct this Court to enter final judgment in favor of Ms. Cerajeski and did not enjoin the State from doing anything. Instead, it concluded that "[t]he availability and propriety of injunctive relief are other issues to be resolved by the district judge in the first instance." *Id.* This Court concludes that this is not the type of "succinct and easily enforceable" decision necessary to render a party a prevailing party pursuant to § 1988. *Zessar*, 536 F.3d at 797.

Ms. Cerajeski's representations and requests to this Court on remand confirm that conclusion. After receiving the Seventh Circuit's Mandate, this Court ordered the parties to file status reports "indicating each party's procedural assessment of this case." [Filing No. 52.] In response, Ms. Cerajeski represented that she "anticipates moving for leave to file an Amended and/or Supplemental Complaint." [Filing No. 54 at 2.] She also indicated that she "believes that this case is one in which discovery is needed in order to determine the measure by which just compensation required by the Fifth Amendment is calculated." [Filing No. 54 at 3.] On February 28, 2014, Ms. Cerajeski moved for leave to amend her complaint. [Filing No. 60.] She represented that she was doing so to achieve the following:

> (a) reinstate the claim of Carroll Schunn, whose claim was dismissed without prejudice because the court held she lacked standing because she had already made a claim for unclaimed property, and add her as a party plaintiff; (b) add class allegations for declaratory and prospective injunctive relief on behalf of all owners of

unclaimed property who are entitled to but have not been paid just compensation; (c) add as an additional plaintiff Keri Ingram, as administrator of the Estate of Marvin Ingram, who has not yet filed a claim with the state, individually and to represent those members of the class who have not filed a claim for property currently held by the state or who filed a claim after October 31, 2013, or other date determined by the Court, and were not paid just compensation; and (d) supplement the complaint by incorporating the opinion of the court of appeals in this case, which is now the law of the Circuit, and conforming the relief sought in the complaint to the judgment of the court of appeals.

[Filing No. 61 at 3-4.]

Instead of wrapping up her case on remand, Ms. Cerajeski wanted to restart the litigation by adding new parties, asserting class allegations, seeking discovery, and altering her requested relief. While she later withdrew these requests after the State amended the statutory provisions at issue,[5] [Filing No. 77 at 1-2; Filing No. 81], her initial strategy on remand confirms that the Seventh Circuit's decision was not sufficiently final to render her a prevailing party entitled to reasonable attorneys' fees pursuant to § 1988. Accordingly, the Court denies Ms. Cerajeski's attorneys' fees request.[6] [Filing No. 84.]

### III.
#### CONCLUSION

For the reasons set forth herein, Ms. Cerajeski's Motion for Attorneys' Fees is **DENIED**. [Filing No. 84.] The Court directs the Clerk to **SUBSTITUTE** Kelly Mitchell in her official capacity as Treasurer of the State of Indiana for Defendant Daniel Huge in his official capacity as interim Treasurer of the State of Indiana. Final judgment shall issue accordingly.

---

[5] The State's decision to later amend the statutory provisions at issue, which ultimately mooted Ms. Cerajeski's pending claim, [Filing No. 82], does not change this result because "'[a] defendant's voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change'" to render the plaintiff the prevailing party. *Zessar*, 536 F.3d at 798 (citing *Buckhannon*, 532 U.S. at 605).

[6] Because she is not entitled to any attorneys' fees pursuant to § 1988, the Court need not address the reasonableness of the amount of Ms. Cerajeski's fee request.

January 26, 2015

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Kenneth Lawson Joel
INDIANA ATTORNEY GENERAL
kenneth.joel@atg.in.gov

Arthur T. Susman
LAW OFFICES OF ARTHUR SUSMAN
arthur@susman-law.com

Caryn M. Nieman
OFFICE OF THE ATTORNEY GENERAL
caryn.nieman@atg.in.gov

Terry Rose Saunders
THE SAUNDERS LAW FIRM
tsaunders@saunders-lawfirm.com